UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**JOHN ANDREW WAUCHOPE, III**,

      Plaintiff,

v

CITY OF WYOMING POLICE OFFICERS
BRIAN LOOK, BLAIR SHELLENBARGER,
and THE CITY OF WYOMING, Jointly
and Severally,

      Defendants.
_____/

***COMPLAINT FOR DAMAGES and JURY DEMAND***

Plaintiff, by his attorney Thomas M. Loeb, complains against the above named Defendants and in support states as follows:

***PRELIMINARY STATEMENT***

1. This is an action brought by Plaintiff, a citizen and resident of the State of Michigan, against Defendants City of Wyoming Police Officers Brian Look, Blair Shellenbarger, and the City of Wyoming for damages arising out of conduct which began on Thursday, July 22, 2010 when Defendant Officers Look and Shellenbarger used excessive, gratuitous and unnecessary force against Plaintiff, who was disabled at the time, by violently forcing him to the ground, aggressively kneeling on his back, handcuffing him, and yanking him to his feet by the handcuffs.

2. Plaintiff also brings this action for money damages against Defendant City of Wyoming itself. Plaintiff contends that the City of Wyoming, through its police department, has established a practice, policy, or custom of inadequately supervising or training its police officers in general, and these Defendant Officers in particular, on the safe, proper, and appropriate use of force on citizens being arrested.

3. Plaintiff submits that the City of Wyoming's failure to train its officers in the safe, proper, and appropriate use of force against arrestees directly caused Plaintiff's injuries, and the need for training is so obvious that failure to do so is properly characterized as a deliberate indifference to Plaintiff's constitutional rights.

4. Plaintiff seeks a judgment that the Defendants violated his right to be free from an unreasonable arrest or seizure of his person and deprived him of his liberty without due process of law, as guaranteed under the constitution and laws of the United States.

### *JURISDICTION AND VENUE*

5. This Court has jurisdiction over this claim pursuant to 28 USC §1331.

6. Venue is properly laid in this Court pursuant to 28 USC § 1391(b) as the Defendants reside in and the claim arose in the Western District of Michigan.

### *PLAINTIFF AND DEFENDANTS*

7. That at all times relevant to this complaint, Plaintiff was and is a resident of Wyoming, Michigan.

8. That at all times relevant to this complaint, Defendants Look and Shellenbarger were police officers and employees of the City of Wyoming Police Department, and were acting within the scope of their employment and under color of law.

9. That each defendant officer is being sued in his individual capacity.

10. That at all times relevant to this complaint, Defendant City of Wyoming is an organized municipal corporation existing under the laws of the State of Michigan.

11. That the incident complained of in this lawsuit occurred in the City of Wyoming on Thursday, July 22, 2010 at approximately 2:00 A.M.

### *FACTS*

12. On Thursday, July 22, 2010, Plaintiff was occupying the garage of his home located on Maplelawn Street in the City of Wyoming.

13. Plaintiff was playing a radio too loudly and was working in his garage, even though it was 2:00 A.M. in the morning.

14. Upon information and belief, the Defendant Officers Look and Shellenbarger were dispatched to Plaintiff's residence on a loud noise complaint.

15. When one or both of the Defendant Officers knocked upon the garage door, Plaintiff answered it.

16. When one or both of the Defendant Officers explained that Plaintiff's radio was playing too loudly and that the noise was disturbing his neighbors, Plaintiff agreed to lower its volume.

17. When one or both of the Defendant Officers asked Plaintiff his name, Plaintiff gave his name.

18. Plaintiff then asked whether he was being arrested.

19. Upon information and belief, this question seemed to anger one or both of the Defendant Officers.

20. The Defendant Officers did then each grab one of Plaintiff's arms and started to forcefully drag him out of the doorway of the garage.

21. In response, Plaintiff stated "Be careful! I'm disabled."

22. In response, one or both of the officers did then body slam Plaintiff to the ground, gratuitously and violently kneel in the small of his back, and grabbed his arms and jerked them behind Plaintiff's back in order to handcuff him.

23. Then, one or both of the Defendant Officers did violently, gratuitously, and unnecessarily yank Plaintiff to a standing position by the handcuffs, in a dangerous and unsafe manner.

24. Alternatively, one of the Defendant Officers stood idly by and made no effort to come to Plaintiff's aid when he could see that the other Defendant Officer was causing injury to Plaintiff by the use of unnecessary, excessive, and gratuitous force.

25. Thereafter, Plaintiff was arrested for the misdemeanor ordinance offense of disorderly conduct - allowing a disorderly residence.

26. That as a direct and proximate result of the above described acts or omissions, Plaintiff suffered and continues to suffer indignation; aggravation; humiliation; fear; medical expenses (past and future); injury to his arms, shoulders, and back; pain and suffering; aggravation of pre-existing medical ailments or conditions; one or more herniated discs; surgery, including a lumbar decompression and instrumented fusion; a laminectomy; and loss of cherished constitutional rights.

## COUNT I SECTION 1983 - DEFENDANT OFFICERS

27. Plaintiff incorporates paragraphs 1 through 26, as more fully stated above.

28. As a result of their unlawful, malicious, reckless and indifferent conduct, the Defendant Officers acted under color of law but contrary to law and did deprive Plaintiff of his rights, privileges, or immunity secured under the constitution and laws of the United States and 42 USC §1983, including Plaintiff's right to be free from an unreasonable seizure of his person, as guaranteed by Amendments IV and XIV of the United States Constitution, by using excessive, unreasonable, and gratuitous force against him during his arrest.

Therefore, Plaintiff demands judgment against the Defendant Officers, jointly and severally, for compensatory damages in whatever amount the jury may determine, and further demands judgment against each Defendant Officer individually for punitive

damages, in whatever amount the jury may determine, plus costs, interest (both pre-judgment and post-judgment), and actual attorney fees pursuant to 42 USC §1988.

### *COUNT II SECTION 1983 - CITY OF WYOMING*

29. Plaintiff incorporates paragraphs 1 through 28, as more fully stated above.

30. That the City of Wyoming, through its police department, has established a practice, policy, or custom which directly and proximately caused the injuries and harm suffered by Plaintiff, as stated more fully throughout this Complaint by:

    (a) Training, instructing, encouraging, or expecting its police officers to enforce its ordinances without regard to the constitutional rights of citizens in general or Plaintiff in particular to be free from an excessive force seizure of his person;

    (b) Deliberately failing to supervise or discipline its officers in general, or these Defendant Officers in particular, when it becomes known or apparent that its officers have violated the fourth amendment rights of its citizens in the manner complained of in this lawsuit;

    (c) Deliberately taking no action when, upon information and belief, Defendant City of Wyoming knew or should have known of the propensities of its officers in general or these Officers in particular to use excessive force upon arrestees or detainees;

    (d) Failing to properly train its officers in the limitations of their conduct as required by the constitution and laws of the United States; and

    (e) Failing to properly train its officers in the safe and proper use of handcuffs.

31. That the City of Wyoming's practice, policy, or custom as set forth more fully above, was the moving force that deprive Plaintiff of his rights, privileges, or

immunities secured under the constitution and laws of the United States and 42 USC §1983, including his right to be free from an unreasonable seizure of his person, as guaranteed by Amendments IV and XIV of the United States Constitution.

Therefore, Plaintiff demands judgment against the City of Wyoming for compensatory damages in whatever amount the jury may determine, plus costs, interest (both pre and post-judgment), and actual attorney fees pursuant to 42 USC §1988.

**PLAINTIFF DEMANDS A JURY TRIAL**.

                                        Respectfully submitted,

                                        /S/    Thomas M. Loeb
                                        THOMAS M. LOEB (P25913)
                                        Attorney for Plaintiff
                                        32000 Northwestern Hwy., Ste. 170
                                        Farmington Hills, MI 48334
                                        (248) 851-2020
                                        (248) 851-2525 - Fax
                                        tmloeb@mich.com

Dated: March 14, 2012