UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ANDREW WAUCHOPE, III,

    Plaintiff,

v.

BLAIR SHELLENBARGER, et al.,

    Defendants.
_____/

File No. 1:12-CV-247

HON. ROBERT HOLMES BELL

**O P I N I O N**

On March 14, 2012, Plaintiff John Andrew Wauchope, III filed a complaint against Defendants Blair Shellenbarger, Brian Look, and the City of Wyoming alleging violation of 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the Court on Shellenbarger and Look's motion for summary judgment. (Dkt. No. 32.) For the reasons that follow, this motion will be denied.

**I.**

Early in the morning, on July 22, 2010, Shellenbarger and Look, Wyoming police officers, arrived at 139 Maplewood Street, Wyoming, Michigan in response to a noise complaint. Wauchope answered the door and promised to turn down the music. (Dkt. No. 33, Ex. 1, Look Dep. 31, Ex. 3, Wauchope Dep. 18-19.) In response to the officers' inquiries regarding who else was in the house, Wauchope asked if the officers had a warrant. (Dkt. No. 33, Ex. 2, Shellenbarger Dep. 13; Wauchope Dep. 19.) According to the officers,

Wauchope also told them to call his lawyer. (Look Dep. 31; Shellenbarger Dep. 13.) At this point it is unclear what happened. The officers allege that Wauchope was uncooperative, refused to step out of his garage, swore at the officers, and stepped backward into the garage. (Dkt. No. 32, at 2.) Wauchope admits only that he was asked to step out of the garage multiple times. (Wauchope Dep. 20.)

The parties agree that at this point the officers moved to place Wauchope under arrest, each grabbing one arm and pulling Wauchope outside. (*Id.*; Dkt. No. 32, at 2.) Wauchope contends that he asked the officers to be careful because of his disability.[1] (Wauchope Dep. 21.) Neither of the officers remembers any such statement. (Look Dep. 33; Shellenbarger Dep. 19.) Wauchope contends that he was "kneed in the back right after that by one of the officers and drove to the ground." (Wauchope Dep. 21.) He contends that he was then roughly yanked up by his handcuffs. (*Id.* at 22-23.) The officers contend that Wauchope was never on the ground. (Look Dep. 33; Shellenbarger Dep. 17-18.) The police report indicates that Wauchope "was able to be placed in handcuffs without problems." (Dkt. No. 32, Ex. 1.) Colin Hoye, who was twelve years old at the time, testified that he witnessed the incident. (*See* Dkt. No. 33, Ex. 4, Hoye Dep. 6.) He testified that he saw the officers knee Wauchope in the back and send him to the ground. (*Id.* at 21-22.) Hoye also testified that the officers pulled Wauchope up by his shoulders and elbows rather than his hands. (*Id.* at 24.)

---

[1] According to Wauchope, he has been on disability since 2005. (Wauchope Dep. 6.) He testified that he has had two reconstructive knee surgeries and a knee scope. (*Id.* at 25.)

There are medical records from before the incident indicating that Wauchope suffered from severe back pain prior to the incident. (Dkt. No. 32, Ex 10.) Two days after his release from jail on bond, Wauchope went to an emergency room complaining of back injuries from the alleged assault. (Dkt. No. 32, Ex. 9.) On October 8, 2010, Wauchope underwent surgery on his back.  It is unclear from the medical records whether the incident had any effect on Wauchope's preexisting back problems or whether the October surgery was necessitated by the incident.  However, the records indicate that Wauchope might have developed right shoulder problems from the incident. (Dkt. No. 32, Ex. 11.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)).  Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material

fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

**III.**

The officers assert that they are entitled to summary judgment due to the qualified immunity doctrine. "Through the use of qualified immunity, the law shields 'governmental officials performing discretionary functions . . . from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). According to the Supreme Court:

> In resolving questions of qualified immunity, courts are required to resolve a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." If, and only if, the court finds a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case."

*Scott v. Harris*, 550 U.S. 372, 377 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted)).

Wauchope's complaint alleges a violation of his rights under the Fourth and Fourteenth Amendments when the officers used excessive force in arresting him by kneeing

him in the back, forcing him to the ground, and jerking him to his feet by his hands after he was handcuffed.  Excessive force claims require the following analysis:

> Claims of excessive force are analyzed under the objective-reasonableness standard, which depends on the facts and circumstance of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight.  An officer making an investigative stop or arrest has "the right to use some degree of physical coercion or threat thereof to effect it."

*Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 395-96 (1989)).  In determining whether the force used was reasonable, the Court should consider "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396.  "The question we must ask is whether, under the totality of the circumstances, the officer's actions were objectively reasonable."  *Fox*, 489 F.3d at 236-37.

Construing the evidence and all reasonable inferences in favor of Wauchope, the Court concludes there is a genuine issue of material fact as to whether the officers kneed Wauchope in the back, forced him to the ground, and/or jerked him up roughly by his handcuffs.  Contrary to the officers' assertions in their brief, the fact that the defendants' testimony contradicts the testimony of the plaintiff does not trigger a requirement that the plaintiff present additional evidence.  According to *Scott*, which the officers cite in support of their erroneous position, when opposing parties tell two different stories, the Court should not adopt one story if it is "blatantly contradicted by the record."  550 U.S. at 380.

5

Wauchope's version of events is not blatantly contradicted by the record. With Wauchope's testimony, the officers' testimony, and Hoye's testimony, the Court is confronted with three different versions of the incident, none of which is dispositive, and two of which support Wauchope's allegation that he was kneed in the back and forced to the ground. There is nothing in the record[2] – such as a videotape of the incident contradicting Wauchope's version of events–from which the Court could conclude that no reasonable jury could credit Wauchope's testimony.

The Court also concludes that a reasonable jury could conclude that the officers' alleged use of force in this manner violated a clearly established constitutional right. *See Scott*, 550 U.S. at 377. A reasonable jury could find that each of the *Graham* factors weighs in favor of a finding of excessive force. *See* 490 U.S. at 396.

For the first factor, the crime at issue was disorderly conduct for allowing a disorderly residence, a misdemeanor neither violent nor severe. The Sixth Circuit has found that misdemeanors such as trespassing and disorderly conduct are not severe, even when a suspect resists arrest. *See Solomon*, 389 F.3d at 174; *St. John v. Hickey*, 411 F.3d 762, 772 (6th Cir. 2005). A reasonable jury would likely find the crime at issue to be non-severe.

Furthermore, a reasonable jury could conclude that Wauchope did not pose an immediate threat to the officers' safety, the second *Graham* factor. *See Griffith v. Coburn*, 473 F.3d 650, 659 (6th Cir. 2007) ("Cases in this circuit clearly establish the right of people

---

[2]Wauchope's alleged lack of physical evidence – the lack of clothes showing grass or dirt stains – does not require a finding that his testimony is not credible.

who pose no safety risk to the police to be free from gratuitous violence during arrest."). Both officers testified that Wauchope never tried to physically strike them. (Look Dep. 29-30; Shellenbarger Dep. 21.) Neither officer testified that he suspected Wauchope might be armed or that he feared for his safety, and neither officer testified that Wauchope resisted arrest. According to Officer Shellenbarger's deposition:

> Q. Okay. We would – you would agree, sir, he never attempted to hit you?
>
> A. No.
>
> Q. And he never did hit you?
>
> A. Correct.
>
> Q. Okay. And if I use other words for hit, like strike, beat, kick, swing, the whole gamut, he never did any of that.
>
> A. I'm sure he didn't.

(Shellenbarger Dep. 21.) Moreover, Officer Look's police report indicates that Wauchope was swearing but "was able to be placed in handcuffs without problems." (Dkt. No. 32, Ex. 1.)

Moreover, given that Wauchope testified that the excessive force occurred *after* Wauchope was secured by the two officers holding his arms (Wauchope Dep. 21), the evidence in the officers' favor for this factor – the fact that Wauchope was intoxicated and swearing, the fact that the officers did not know if there was a weapon in the house, and the fact that Wauchope may have taken a step backward – cannot be used to establish that Wauchope posed a threat to the officers' safety at the time the excessive force allegedly occurred.

7

As to the third *Graham* factor, a reasonable jury could conclude that Wauchope did not actively resist arrest or attempt to flee. While there is some evidence that Wauchope refused to step outside of the house when asked, stepped back into the house when the officers tried to arrest him, and/or pulled away when his arm was grabbed, this evidence is not conclusive of active resistance or an attempt to flee. First, Wauchope testified that his refusals to step outside of the house occurred prior to being told he was under arrest. (Wauchope Dep. 20.) Second, it is plausible to interpret a step backwards and an attempt to pull an arm away from a handcuff as falling short of active resistance to arrest or an attempt to flee. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 734, 740 (5th Cir. 2000) (finding that the suspect's pulling of his arm away from the officers and stumbling backwards "was not fleeing"). Such a conclusion is especially plausible given that the alleged use of excessive force in this case did not occur when Wauchope stepped back into the house or pulled his arm away but instead after both officers' had taken hold of Wauchope's arms.

While the *Graham* factors are not exhaustive for the excessive force analysis, the Court concludes that in this case, the fact that the jury could reasonably find in Wauchope's favor as to all three factors precludes summary judgment on the excessive force claim.[3] A

---

[3] The Court notes that significant injury is not an element of an excessive force claim. Thus, even if the evidence established that Wauchope's back injuries preexisted the incident, he could still succeed on his excessive force claim. *Baskin v. Smith*, 50 F. App'x 731, 737 n.2 (6th Cir. 2002) ("A factor that is not crucial to an analysis of a claim for excessive force in violation
(continued...)

reasonable jury could find that the officers' actions were objectively unreasonable.

To preclude the qualified immunity defense, however, the constitutional right in question must also be clearly established in the specific context of the case. Construing the evidence and all reasonable inferences in favor of Wauchope, the Court concludes that the constitutional right at issue – excessive force – was clearly established. Viewed in the light most favorable to Wauchope, the operative facts are that Wauchope was unarmed; that Wauchope was not fighting the officers; that the crime at issue was a non-violent misdemeanor; that the alleged use of excessive force occurred after Wauchope had been grabbed by both officers and was in their control; and that Wauchope advised the officers of his disability prior to the alleged use of excessive force. Under such circumstances, the Court concludes that Wauchope's right not to be kneed forcibly to the ground and then roughly picked up was clearly established. *See Griffith*, 473 F.3d at 656 ("In this circuit, furthermore, police officers would have been aware as of 1983 that a Fourth Amendment seizure must be effectuated with the least intrusive means reasonably available.") (quotation marks omitted); *Aldini*, 609 F.3d at 863 (quoting *Parsons v. City of Pontiac*, 533 F.3d 492, 500 (6th Cir. 2008)) ("Under the clearly established inquiry, the question is whether the right was "so

---

[3](...continued)
of the Fourth Amendment is the extent of the injury inflicted."); *see also Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1048 (6th Cir. 1996) ("Although the alleged use of force was not life threatening, it did not have to be in order to be deemed excessive. There is no requirement that the physical contact between Fabianich and Holmes had to leave extensive marks in order for the amount of force used by Fabianich to be considered excessive."). Wauchope's allegations of back and shoulder injuries are more than sufficient to survive summary judgment.

9

clearly established that a reasonable official would understand that what he is doing violates that right.") (quotation marks omitted).

## IV.

Construing the evidence and all reasonable inferences in favor of Wauchope, the Court concludes that there is a genuine dispute as to material facts, and the officers are not entitled to judgment as a matter of law due to qualified immunity.

An order consistent with this opinion will be entered.


Dated: February 14, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE